**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIEL M. SOLOMON,**

**Case No: 8:26-mc-027-MSS-AAS**

**Petitioner.**

**_________________________________/**

**REPORT AND RECOMMENDATION**

Daniel Solomon, proceeding pro se, requests a protective order "in special terms." (Doc. 1). Although difficult to discern, it appears Mr. Solomon claims to be a beneficiary of a trust and requests an order preserving the trust.

Mr. Solomon filed this motion as a claim for miscellaneous relief, with no complaint or opposing party. As an initial matter, Mr. Solomon's motion provides no basis for judicial relief or any support for this court's jurisdiction. *See* Local Rule 3.01(b), M.D. Fla. ("A motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

In addition, Mr. Solomon's filing is "replete with legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign[] citizen movement." *Sealey v. Branch Banking and Tr. Co.*, No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019); *see also Banks v. Fla.*, No. 2:19-cv-756-FtM-38NPM, 2019 WL 7546620, at *2 (M.D. Fla. Dec.

17, 2019) ("Though adorned with pseudo-legalese, the complaint in this action is simply nonsensical."). Mr. Solomon's motion meets these sovereign citizen criteria, regardless of how he refers to himself. *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at n.1 (N.D. Fla. Mar. 12, 2018) (noting that plaintiff did not identify himself as a sovereign citizen, but his attempt to proceed under a bizarre legal theory bore the hallmarks of a sovereign citizen theory).

Courts routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented.")). Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—"[s]uch sovereign citizen claptrap has been rejected over and over." *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019), report and recommendation adopted, No. CV418-296, 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019).

Accordingly, it is **RECOMMENDED** that Mr. Solomon's motion for a protective order (Doc. 1) be **DENIED**, and this miscellaneous case be **DISMISSED without prejudice**.

**ORDERED** in Tampa, Florida, on July 16, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.